UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KELLY ANDRADE,

                        Plaintiff,

      -against-

CULTURAL CARE, INC. d/b/a
CULTURAL CARE AU PAIR d/b/a
CULTURAL CARE,
MICHAEL ESPOSITO, individually, and
DANIELLE ESPOSITO, individually,

                        Defendants.

----------------------------------------------------------X

Civil Case No.:
1:21-cv-5237

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, Kelly Andrade (hereinafter referred to as "Andrade" and/or "Plaintiff"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants, CULTURAL CARE INC. d/b/a CULTURAL CARE AU PAIR d/b/a CULTURAL CARE ("CULTURAL CARE"), MICHAEL ESPOSITO ("MICHAEL") individually, and DANIELLE ESPOSITO ("DANIELLE") individually (hereinafter collectively referred to as "Defendants"), upon information and belief, as follow:

## NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the laws of the State of New York and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a

result of, inter alia, sex/gender discrimination, sexual harassment, hostile work environment, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This action involves questions of Federal law.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. On or about May 21, 2021, Plaintiff filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about September 8, 2021, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and has filed this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Eastern District of New York.

## PARTIES

8. Plaintiff is an individual woman who is a resident of the State of New Jersey, Union County.

9. At all times material, Defendant CULTURAL CARE, INC. d/b/a CULTURAL CARE AU PAIR d/b/a CULTURAL CARE is a foreign business corporation duly existing by the virtue and laws of the State of Massachusetts that does business in the State of New York.

10. Defendant CULTURAL CARE operates the largest au pair agency in the United States.

11. At all times material, Defendant CULTURAL CARE employed Plaintiff as an au pair.

12. At all times material, Defendants MICHAEL ESPOSITO and DANIELLE ESPOSITO (hereinafter collectively referred to as "THE ESPOSITO'S") jointly employed Plaintiff together with CULTURAL CARE.

13. At all times material, THE ESPOSITO'S held supervisory authority over Plaintiff with regard to her employment, including the power to hire/fire.

## FACTUAL ALLEGATIONS

14. In or around 2020, while residing in Colombia, Plaintiff first communicated with Defendant CULTURAL CARE regarding their au pair program.

15. In connection with Plaintiff's employment, Defendant CULTURAL CARE entered into a written contract with Plaintiff on or about April 14, 2020 ("The Agreement"). The Agreement details the terms and conditions relating to Plaintiff's participation in CULTURAL CARE's Au Pair Program ("The Program").

16. The Agreement requires Plaintiff's compliance with Defendant CULTURAL CARE's rules, handbooks, and other materials. Moreover, Defendant CULTURAL CARE possesses sole discretion over Plaintiff's placement with host families, as well as the exclusive right to determine Plaintiff's suitability for acceptance and continued participation in The Program.

17. In order to move to the United States, Defendant CULTURAL CARE required Plaintiff to pay them a fee, as well as take courses in childcare. Moreover, CULTURAL CARE required Plaintiff to have more than 200 hours of childcare experience.

18. Plaintiff completed the necessary trainings and moved to the United States on or about March 5, 2021.

19. After receiving additional training and onboarding from Defendant CULTURAL CARE, CULTURAL CARE placed Plaintiff with THE ESPOSITO'S in Staten Island, New York.

20. CULTURAL CARE placed Plaintiff to live and work with THE ESPOSITO'S in their family home located at 34 Ottavio Promenade, Staten Island, NY 10307.

21. Upon information and belief, THE ESPOSITO'S have four minor children.

22. While residing at THE ESPOSITO'S residence, THE ESPOSITO'S provided Plaintiff her own bedroom.

23. From the onset, Plaintiff noticed what appeared to be a smoke detector above her bed.

24. Around early March 2021, Plaintiff noticed that the smoke detector had fallen from the ceiling onto her bed. Plaintiff was unsure why it had fallen and went back to taking care of THE ESPOSITO'S four children. Later that day, Plaintiff returned to her bedroom and found Defendant MICHAEL with the smoke detector in his hands. Defendant MICHAEL had entered Plaintiff's bedroom without permission and made Plaintiff feel uncomfortable.

25. Over the next several weeks, Plaintiff noticed that the smoke detector was constantly being repositioned on the ceiling above her bed.

26. On or about March 23, 2021, Plaintiff observed that Defendant MICHAEL had once again moved the smoke detector. Plaintiff became suspicious and decided to examine the smoke detector. After further investigation, Plaintiff discovered that the smoke detector was a hidden camera that had been intentionally placed by Defendant MICHAEL to surreptitiously record Plaintiff in her bedroom.

27. Plaintiff was overcome by a wave of anxiety and depression – this was a shocking invasion of her privacy and caused her to suffer from severe emotional distress.

28. Plaintiff discovered that the hidden camera had a memory card inside of it. Plaintiff removed the memory card and was deeply disturbed to find that there were hundreds of recordings of Plaintiff – most of which Plaintiff was nude and/or dressing/undressing.

29. Moreover, Plaintiff saw several videos showing Defendant MICHAEL intentionally placing the camera above her bed, and even making adjustments to the angle/positioning of the camera to ensure that it was pointed at Plaintiff's bed.

30. Plaintiff was deeply disturbed by Defendant MICHAEL'S egregious and perverted behavior.

31. Defendant ESPOSITO discriminated against Plaintiff on the basis of her sex/gender and subjected Plaintiff to a hostile work environment based on the aforementioned.

32. Immediately after Plaintiff discovered the hidden camera, Defendant MICHAEL unexpectedly appeared at his home and nervously attempted to coax Plaintiff to leave the house. It was apparent that Defendant MICHAEL knew Plaintiff had found the camera and Plaintiff became petrified and feared for her safety. Plaintiff ran into her bedroom and locked the door.

33. Defendant MICHAEL began screaming at Plaintiff and violently attempted to break down her bedroom door.

34. Upon information and belief, Plaintiff feared that Defendant MICHAEL possessed a firearm and would kill her.

35. Plaintiff opened the window in her room and escaped from THE ESPOSITO'S home. Plaintiff was so petrified that she left her belongings and fled.

36. Plaintiff immediately went to the police and filed a report against THE ESPOSITO'S.

37. On or about March 24, 2021, Defendant MICHAEL was arrested. Notably, a coordinator from Defendant CULTURAL CARE's office was present when Defendant MICHAEL was arrested by the New York City Police Department.

38. Plaintiff provided the police with the smoke detector as well as the memory stick and videos.

39. As a result, Defendant MICHAEL ESPOSITO has been charged with one count of Felony Unlawful Surveillance.

40. On or about March 24, 2021, Defendants constructively discharged Plaintiff.

41. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress.

43. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

46. Plaintiff claims that Defendants discriminated against and constructively discharged Plaintiff because of her sex/gender, and because she complained or opposed the unlawful conduct of Defendants related to the above protected class.

47. Plaintiff claims constructive and/or actual discharge and also seeks reinstatement with Defendant CULTURAL CARE.

48. Plaintiff claims alternatively (in the event Defendants claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable laws pertaining to Independent Contractors.

49. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

50. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(AGAINST DEFENDANT CULTURAL CARE)**

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

53. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of her sex/gender, together with subjecting Plaintiff to sexual harassment, and causing a hostile work environment based on the same.

54. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

55. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. New York State Executive Law § 296 provides that,

"1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender together with subjecting Plaintiff to sexual harassment, and causing a hostile work environment based on the same.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

60. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR AIDING AND ABETTING
## UNDER NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

64. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

65. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's sex/gender together with subjecting Plaintiff to sexual harassment, and causing a hostile work environment based on the same.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

73. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere

with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## NEGLIGENCE
## (AGAINST DEFENDANT CULTURAL CARE)

82. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. At all times material, Defendant CULTURAL CARE was negligent in the placement, retention, and supervision of the subject harasser, Defendant MICHAEL ESPOSITO.

84. Defendant CULTURAL CARE owed Plaintiff a duty to provide Plaintiff with a reasonably safe environment.

85. Defendants breached their duties to Plaintiff and as a result Plaintiff was damaged in an amount to be determined at the time of trial.

## AS A NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT MICHAEL ESPOSITO)

86. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. Defendant MICHAEL ESPOSITO'S behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

88. Defendant MICHAEL ESPOSITO'S conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

89. Defendant MICHAEL ESPOSITO'S caused Plaintiff to fear for Plaintiff's own safety.

90. Defendant MICHAEL ESPOSITO'S breach of his duty to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

91. As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an

amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs,

and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:      New York, New York
            September 20, 2021

                                    **DEREK SMITH LAW GROUP, PLLC**
                                    *Attorneys for Plaintiff*

                          By:    _____
                                 Zack Holzberg, Esq.
                                 Derek Smith Law Group, PLLC
                                 One Penn Plaza, Suite 4905
                                 New York, New York 10119
                                 (212) 587- 0760